SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
JOSE SANTANA FERNANDEZ

                              Plaintiff,

-against-

HOME DEPOT USA, INC.

                              Defendant.
------------------------------------------------------------------X

Index No.: 720175/2021

**HOME DEPOT U.S.A., INC'S VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, **HOME DEPOT U.S.A., INC.,** by its attorneys McVey & Parsky, LLC, as and for its Answer to Plaintiff's COMPLAINT, respectfully states upon information and belief as follows:

1. That the accident described below occurred in the County of Queens, City and State of New York.

    **RESPONSE: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.**

2. That at all times mentioned herein the defendant, Home Depot U.S.A., Inc. (hereinafter "Home Depot"), was and still is a domestic corporation duly organized and existing under and by virtue of the law of the State of New York.

    **RESPONSE: Denies the allegations contained in paragraph 2 of the Verified Complaint.**

3. That at all times mentioned herein the defendant, Home Depot, was and still is a foreign corporation duly authorized to do business in the State of New York.

    **RESPONSE: Admits that Home Depot is a foreign corporation permitted to transact business in the State of New York.**

4. That at all times mentioned herein the defendant, Home Depot, was and still is a foreign corporation not duly authorized to do business in the State of New York.

    **RESPONSE: Admits that Home Depot is a foreign corporation and denies the remaining allegations contained in paragraph 4 of the Verified Complaint.**

5. That at all times mentioned herein the defendant, Home Depot, transacted business within the State of New York and/or contracted to supply goods or services in the State of New York and the cause(s) of action asserted in this Complaint arise out of such activities.

   **RESPONSE: Admit that Home Depot is permitted to transact business in the State of New York and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Verified Complaint and refers all questions of law to the Court for its determination.**

6. That at all times mentioned herein the defendant, Home Depot, committed a tortious act within the State of New York and the cause(s) of action asserted in this Complaint arise out of such act.

   **RESPONSE: Denies the allegations contained in paragraph 6 of the Verified Complaint.**

7. That at all times hereinafter mentioned, the defendant, Home Depot, was the owner of the premises known as 75-09 Woodhaven Boulevard, in the County of Queens, City and State of New York, together with its appurtenances adjoined thereto.

   **RESPONSE: Admits that Home Depot owned the premises located at 75-09 Woodhaven Boulevard, Queens, New York, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 7 of the Verified Complaint.**

8. That at all times hereinafter mentioned, the defendant, Home Depot, leased the aforesaid premises together with its appurtenances adjoined thereto.

   **RESPONSE: Denies the allegations contained in paragraph 8 of the Verified Complaint.**

9. That at all times hereinafter mentioned, the defendant, Home Depot, was the lessee of the aforesaid premises together with its appurtenances adjoined thereto.

   **RESPONSE: Denies the allegations contained in paragraph 9 of the Verified Complaint.**

10. That at all times hereinafter mentioned, the defendant, Home Depot, was the lessor of the aforesaid premises together with its appurtenances adjoined thereto.

    **RESPONSE: Denies the allegations contained in paragraph 10 of the Verified Complaint.**

11. That at all times hereinafter mentioned, defendant, Home Depot, its agents,

servants and/or employees operated, managed, maintained, controlled, possessed, supervised and inspected the aforesaid premises, together with its appurtenances adjoined thereto.

**RESPONSE: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Verified Complaint and refers all questions of law to the Court for its determination.**

. 12. That at all times hereinafter mentioned, defendant, Home Depot, had a duty to operate, manage, maintain, control, possess, supervise, and inspect the aforesaid premises such that the aforesaid premises were in a reasonably safe condition.

**RESPONSE: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Verified Complaint and refers all questions of law to the Court for its determination.**

13. That at all times hereinafter mentioned, defendant, Home Depot, had a duty to warn those lawfully present at the aforesaid premises of any dangerous, hazardous, and/or trap- like condition(s).

**RESPONSE: Denies the existence of a dangerous, hazardous, and/or trap like condition and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Verified Complaint and refers all questions of law to the Court for its determination.**

14. That at all times hereinafter mentioned, defendant, Home Depot, failed to operate, manage, control, possess, supervise and inspect the aforesaid premises to ensure it was in a reasonably safe condition.

**RESPONSE: Denies the allegations contained in paragraph 14 of the Verified Complaint and refers all questions of law to the Court for its determination.**

15. That at all times hereinafter mentioned, defendant, Home Depot, failed to warn those lawfully at the aforesaid premises of any dangerous, hazardous, and/or trap-like condition(s).

**RESPONSE: Denies the existence of a dangerous, hazardous, and/or trap like condition and denies the allegations contained in paragraph 15 of the Verified Complaint and refers all questions of law to the Court for its determination.**

16. That on the 14th day of June, 2021, while the plaintiff was lawfully present at the aforesaid premises, he was caused to be injured.

**RESPONSE: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Verified Complaint.**

17. That on 14th day of June, 2021, the plaintiff was caused to be injured due to a dangerous, hazardous, and/or trap-like condition(s) while at the aforesaid premises.

    **RESPONSE: Denies the allegations contained in paragraph 17 of the Verified Complaint.**

18. That defendant, Home Depot, by and thorough its agents, servants and/or employees had actual notice of the aforesaid dangerous, hazardous, and/or trap-like condition(s).

    **RESPONSE: Denies the existence of a dangerous, hazardous, and/or trap like condition and denies the allegations contained in paragraph 18 of the Verified Complaint and refers all questions of law to the Court for its determination.**

19. That defendant, Home Depot, by and thorough its agents, servants and/or employees had constructive notice of the aforesaid dangerous, hazardous, and/or trap-like condition(s).

    **RESPONSE: Denies the existence of a dangerous, hazardous, and/or trap like condition and denies the allegations contained in paragraph 19 of the Verified Complaint and refers all questions of law to the Court for its determination.**

20. That defendant, Home Depot, by and thorough its agents, servants and/or employees created the aforesaid dangerous, hazardous, slippery and/or trap-like condition(s).

    **RESPONSE: Denies the existence of a dangerous, hazardous, and/or trap like condition and denies the allegations contained in paragraph 20 of the Verified Complaint.**

21. That on June 14, 2021, as a result of the aforementioned incident, the plaintiff was caused to sustain injuries.

    **RESPONSE: Denies the allegations contained in paragraph 21 of the Verified Complaint.**

22. That by reason of the foregoing, the plaintiff sustained severe and permanent personal injuries, was rendered sick, sore, lame and disabled and so remains that he was forced to seek and still undergoes medical aid.

    **RESPONSE: Denies the allegations contained in paragraph 22 of the Verified Complaint.**

23. That plaintiff sustained serious injuries which were as a direct and proximate result and consequence of the negligent, careless, reckless, gross negligent,

wanton, and malicious conduct and disregard for the well-being of plaintiff by the defendant, its agents, servants and/or employees.

**RESPONSE: Denies the allegations contained in paragraph 23 of the Verified Complaint.**

24. That the accident and injuries resulting therefrom were solely and wholly the result of the negligence of the defendant, its agents, servants and/or employees, without any culpable conduct or lack of care on the part of the plaintiff contributing thereto.

    **RESPONSE: Denies the allegations contained in paragraph 24 of the Verified Complaint.**

25. That as a result of the foregoing, the plaintiff sustained serious, severe and permanent injuries and was and still remains sick, sore and disabled internally and externally; was permanently injured; did suffer and will in the future suffer severe pain as a result thereof; was obliged to have medical aid, care and attention in an endeavor to help, cure, treat and alleviate his injuries and was required to pay therefore; and plaintiff was and may in the future be prevented from his usual activities and future loss of earnings.

    **RESPONSE: Denies the allegations contained in paragraph 25 of the Verified Complaint.**

26. That this action falls within one or more of the exceptions of CPLR section 1602.

    **RESPONSE: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Verified Complaint and refers all questions of law to the Court for its determination.**

27. That due to the foregoing, the plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

    **RESPONSE: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Verified Complaint and refers all questions of law to the Court for its determination.**

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**</u>

That any injury or damages sustained by Plaintiff, as alleged in the Complaint, were caused in whole or in part by the contributory or comparative negligence and/or culpable conduct of said

Plaintiff and not as a result of any negligence and/or culpable conduct on the part of the Home Depot.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the Complaint fails to state a cause of action upon which relief may be granted, cognizable in equity or law, against the Home Depot, and must therefore be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages as alleged in the Complaint, which allegations are expressly denied, then same were sustained because of the negligence and/or culpable conduct of a third party over whom the Home Depot did not and was not obligated to exercise supervision or control.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That in the event Plaintiff recovers a verdict or judgment against the Home Depot, then said verdict or judgment must be reduced and set off by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff in whole or in part, for any past or future claims, or economic loss, from any collateral source including but not limited to insurance, social security, Workers' Compensation or employee benefit programs.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The liability of the Home Depot, if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including others over whom Plaintiff could have obtained personal jurisdiction with due diligence, as set forth in the CPLR.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff, which are expressly denied, were not proximately caused by the Home Depot.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to join a necessary party.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed based on the applicable Statute of Limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Upon information and belief, the injuries or damages alleged by Plaintiff, all of which are expressly denied, were caused by the intervening, interceding and superseding acts of third parties not under the control of the Home Depot.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, the Home Depot violated no legal duty owing by it to Plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, Home Depot were not guilty of and is not liable for any negligence which was a proximate cause of the alleged damages of which Plaintiff complains.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff failed to take reasonable measures to mitigate the damages allegedly suffered. Accordingly, in the event that Plaintiff recovers a verdict or judgment against the Home Depot defendants, then said verdict or judgment must be reduced to the extent that any of the damages claimed could have but were not reduced based upon Plaintiff's failure to mitigate same.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of Plaintiff's own conduct.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Home Depot owed no duty or responsibility to safeguard the Plaintiff and exercised no control over Plaintiff's activities.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

No acts or omissions by the Home Depot were an actual cause, legal cause, contributing cause, substantial factor or proximate cause with respect to the damages if any, sustained by the Plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Home Depot had no actual or constructive notice of a dangerous or unsafe condition.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Home Depot was not responsible for the repair and/or maintenance and/or inspection of the instrumentality, product or condition identified in the Complaint.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

That in the event Plaintiff has, or should in the future, settle any portion of the claims arising from the allegations contained in the Complaint with any currently named or still to be named Defendant(s), the respective rights of the remaining parties should be determined pursuant to the applicable laws.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Liability against the Home Depot is precluded by the open and obvious defense.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Home Depot denies the existence of any condition, but if one existed it was transient and not foreseeable.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff has been indemnified for medical costs and/or

economic loss from a collateral source, by reason of which the liability of the Home Depot, if any, should be reduced by the amount provided by the collateral source.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

In the event Plaintiff seeks to recover a verdict or judgment against the Home Depot, then said verdict or judgment must exclude those amounts which have been, or will, indemnify Plaintiff, for any past or future claimed medical costs, health care, life care, or other economic loss or benefit that is offered, or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from claiming or recovering any relief set forth in the Complaint by the doctrines of laches, waiver, estoppel, or documentary evidence.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to obtain coverage available under the Affordable Care Act as an individual or as a family member, which Plaintiff is eligible to obtain, then Plaintiff has failed to mitigate Plaintiff's damages and cannot recover for such failure.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for improper venue and lack of jurisdiction.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Home Depot denies the existence of any condition, but if one existed it was de minimus and trivial.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed due to the doctrine of Forum non Conveniens.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Home Depot reserve the right to amend this Answer and to assert additional defenses and cross claims upon ascertaining more definite facts during and upon completion of discovery and investigations.

**WHEREFORE**, Defendant HOME DEPOT U.S.A., INC., respectfully requests that the COMPLAINT be dismissed in its entirety and all relief requested therein be denied, and that the Court award HOME DEPOT U.S.A., INC., an order dismissing this case and for such further relief as the Court deems just and proper.

Dated: December 15, 2021

        MCVEY & PARSKY, LLC

        By: *Meagan Gabriel*

        Michael N. Giacopelli
        Meagan M. Gabriel
        *Attorneys for Defendants*
        *HOME DEPOT U.S.A., INC.*
        One Liberty Plaza
        165 Broadway, 23rd Floor
        New York, NY 10006
        973-520-4340

TO:

Ari R. Lieberman, Esq.
*Attorneys for Plaintiff*
One State Street Plaza, 15th Floor
New York, New York 10004
(212) 221-1000

## **ATTORNEY VERIFICATION**

STATE OF NEW YORK     )
                                            )    ss:
COUNTY OF QUEENS    )

MEAGAN GABRIEL, being duly sworn, deposes and says:

That she is an Associate of the law firm of McVey & Parsky, LLC, attorneys representing Defendant, HOME DEPOT U.S.A., INC., that she has read the attached Answer to the COMPLAINT and the same is true to her own belief, except as to the matters alleged on information and belief, and as to those matters, she believes them to be true to the best of her knowledge.

That this Verification is made by deponent because her clients do not reside within the county where the deponent maintains their office.

Dated: December 15, 2021

*Meagan Gabriel*
MEAGAN GABRIEL